# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-22548-BLOOM/Otazo-Reyes**

LUIS LAY,

    Plaintiff,

v.

MILITARY SEALIFT COMMAND,
*et al.*,

    Defendants.

_____/

## ORDER ON MOTION FOR LEAVE TO PROCEED
## IN FORMA PAUPERIS AND DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon a Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3] (the "Motion"), filed in conjunction with the Complaint, ECF No. [1] (the "Complaint"). Plaintiff Luis Lay ("Plaintiff" or "Lay") has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. The Court has carefully reviewed the Complaint, the Motion, the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Complaint is dismissed, and the Motion is denied as moot.

Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1

(11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "[p]ro se

pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). Even under the relaxed pleading standard afforded to pro se litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), the Complaint fails here.

First, there is no adequate basis alleged upon which the Court may properly exercise jurisdiction in this case. [1] A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter

---

[1] "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id.* (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted).

Case 1:22-cv-22548-BB   Document 5   Entered on FLSD Docket 08/12/2022   Page 4 of 5

Case No. 22-cv-22548-BLOOM/Otazo-Reyes

jurisdiction, the court is powerless to continue." *Id.* at 410. Here, Lay asserts that the basis for the Court's jurisdiction is "Myself still on control; monitory [*sic*]; robery [*sic*]; torture; by more of one agency's federal and state on one big setup creating by them against myself." *Id*. at 3. This statement, however, does not sufficiently establish that jurisdiction exists in this case. It is axiomatic that the Court cannot consider Plaintiff's claims without proper jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 84 (U.S. 1998) ("In a long and venerable line of cases, this Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit.") (citations omitted).

Second, the Complaint must be dismissed because it fails to state a claim. The Court cannot discern any actual claims asserted by Lay. Although Lay names the Military Sealift Command, U.S. Department of Defense, Miami Police Department, and Miami and Hialeah Section 8 Department as defendants, there are no allegations with respect to any of the defendants in the Complaint. Lay simply alleges in his Statement of Claim that

> On board of ship flag as U.S. Navy was torurate [*sic*] with illegal injection that final destroy my never [*sic*] system erraise [*sic*] memorys [*sic*] and add to my body some tracking devices that kill vision; alteray [*sic*] moscule [*sic*]; etc. from 1990 up to today's day all full seve [*sic*] and nation [*sic*] way inside my body.

ECF No. [1] at 4. In addition, Lay attaches several pages of allegations regarding his military service, *see* ECF No. [1-1] at 14-16, in which it appears that Lay is seeking payment of salary he claims to be owed. He also attaches several documents to the Complaint, including correspondence from the U.S. Department of Labor, a partial printout of a docket sheet for a case before Judge Cooke, a boarding pass, a letter to the Florida Department of Highway Safety and Motor Vehicles, a receipt from United States Citizenship and Immigration Services, his voter registration, and correspondence from the Social Security Administration. *See* ECF No. [1-1]. However, there is no explanation of how these documents relate to the Complaint. Even though the Court liberally

construes *pro se* pleadings, the Court is not free to construct causes of action. Here, the Court is unable to ascertain any claims for relief from the Complaint.

Therefore, as the Court is unable to ascertain any plausible claim for relief—and it does not have the authority to consider claims without jurisdiction—the instant action must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE.**
2. Plaintiff's Motion, **ECF No. [3],** is **DENIED AS MOOT.**
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 11, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Luis Lay, *pro se*
2520 SW 22nd Street
Suite #2-197
Miami, FL 33145-3438